UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| ST Engineering Halter Marine & Offshore, Inc., d/b/a Halter Marine & Offshore<br>*Plaintiff,*<br><br>VERSUS<br><br>Ocean Lion Shipping, Ltd,<br>Devote Management Pre, Ltd.<br>*Defendants* | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:19-cv-996-HSO-JCG<br><br><br>JUDGE _____<br><br>MAGISTRATE _____ |

## COMPLAINT

NOW COMES, Plaintiff, ST Engineering Halter Marine & Offshore d/b/a Halter Marine & Offshore ("STEHMO"), through undersigned counsel, and files this Complaint against Ocean Lion Shipping, Ltd ("Ocean Lion") and Devote Management Pre, Ltd, ("Devote Management")(hereinafter, collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 9(h), seeking damages for breach of contract that includes interests calculated until paid in full, as well as, attorney's fees. STEHMO alleges upon information and belief as follows:

### I. PARTIES

1. Plaintiff is ST Engineering Halter Marine & Offshore, Inc. d/b/a Halter Marine & Offshore ("STEHMO"). At all material times, STEHMO was and is a corporation

1

organized under the laws of Delaware with its principal place of business in Pascagoula, Mississippi.

2. Defendant Ocean Lion Shipping ("Ocean Lion") is a foreign entity organized and existing under the laws of Hong Kong, China. Upon information and belief, Ocean Lion was the registered owner of the M/V LEWEK EXPRESS prior to its sale to Devote Management but was still engaged and authorized to procure services on behalf of the M/V LEWEK EXPRESS after its sale. Ocean Lion does not maintain a regular place of business or a designated agent for service of process in this district.

3. Defendant Devote Management is a foreign entity organized and existing under the laws of Singapore. Devote Management was the registered owner of the M/V LEWEK EXPRESS at the time it engaged STEHMO to provide services to the vessel. Devote Management does not maintain a regular place of business or a designated agent for service of process in this district.

4. Defendants Devote Management and Ocean Lion engaged STEHMO to provide towing services for the M/V LEWEK EXPRESS, as it was no longer an operational vessel.

5. Both Ocean Lion and Devote Management, as owner of the M/V LEWEK EXPRESS, are bound and liable for the services procured by STEHMO in relation to the M/V LEWEK EXPRESS within the frame of Devote Management's agency.

## II. JURISDICTION AND VENUE

6. This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h).

7. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1333.

8. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3).

### III.   FACTS

8. STEHMO is a shipbuilding company which engages in ship design, construction, and repair for both public and private clients.

9. Defendant Ocean Lion is a shipping company that owns and operates vessels, including the M/V LEWEK EXPRESS.

10. Defendant Devote Management is a ship brokering agent who also owns and operates vessels, including the M/V LEWEK EXPRESS, which it purchased in July of 2019 at auction.

11. Defendants Ocean Lion and Devote Management engaged STEHMO to provide towing and support services for the M/V LEWEK EXPRESS.

12. On August 13, 2019, STEHMO and Devote Management executed Work Order No. 001 under with STEHMO agreed to provide towing services for the M/V LEWEK EXPRESS. *See* Work Order No. 1, attached as Exhibit A.

13. The fixed price of the quoted work was $358,000. *Id.*

14. Payment terms stated – (1) $180,000 due prior to departure from Galveston, and (2) balance due within 30 days of completion of work scope. *Id.*

15. On August 24, 2019, STEHMO and Devote Management executed revised Work Order No. 1, Rev. 3, under which STEHMO agreed to provide towing services

for the M/V LEWEK EXPRESS. *See* Work Order No. 1, Rev. 3, attached as Exhibit B.

16. The quoted price of the work was $770,914.15. *Id.*

17. Revised payment terms stated – balance due before departure from Galveston.

18. The revised work order included costs for the following work –

    o  Standby cost in Mobile;

    o  Charter time for voyage to Galveston;

    o  Delay rate in Galveston;

    o  Towage of Lewek Express to position for heavy lift;

    o  Additional cost for Seagull Marine agency.

*Id.*

19. Work Order No. 1, Rev. 3 was approved by Devote Management's representative on September 26, 2019. *Id.*

20. Work Order No. 1, Rev. 3 was accepted also by STEHMO's representative. *Id.*

21. The Work was completed and STEHMO invoiced Devote Management for the work performed on September 24, 2019, in the amount of $590,914.55, in Invoice V1050003. *See* Invoice V1050003, attached as Exhibit C.

22. On September 26, 2019, Bon Han advised STEHMO to redirect the Invoice to Ocean Lion due to a current budget issue and address the invoice to Ocean Lion's address in Wan Chai, Hong Kong. *See* September 27, 2019 correspondence, attached as Exhibit D.

23. STEHMO re-submitted Invoice V1050003R4 to Ocean Lion on October 11, 2019. *See* Invoice V1050003R4, attached as Exhibit E.

24. The total cost of the Invoice was $936,194.55. *Id.*

25. Ocean Lion paid $180,000 as a deposit, per the Payment Terms of Work Order, and thus the remaining invoice listed $756,194.55 owing from Ocean Lion. *Id.*

26. No payment has been made on the $756,194.55 owed by Ocean Lion.

27. On October 3, 2019, Devote Management advised that payment was forthcoming, however since the funds were coming from China, the payment would be delayed beyond the date of departure from Galveston on October 5, 2019. *See* October 3, 2019 correspondence, attached as Exhibit F.

28. By executing the respective Work Orders, Ocean Lion and Devote Management agreed to be bound by STEHMO's Terms and Conditions.

29. Per the Terms and Conditions, Devote Management and Ocean Lion would be the "Customer" for purposes of the work performed by STEHMO.

30. Per section 1(4) of the Terms and Conditions, "Customer" is defined as "the person or entity that accepts a bid or quotation of the Contractor for the repair of the Vessel or whose written order for repair of the Vessel is expressly accepted in writing by Contractor.  By entering into the Contract, Customer irrevocably agrees and warrants that it is either the owner of the Vessel and/or the Services or other work to be undertaken pursuant to the Contract upon the Vessel are duly authorized by the owner of the vessel." *See* Exhibit G, §1(4).

31. Section 6(a) states that unless otherwise expressly agreed by the parties, the Customer shall make full payment to Contractor for services and work completed. *See* Exhibit G, §6 (a).

32. Section 6(d) goes on to provide that if full payment is not made by Ocean Lion to STEHMO, then STEHMO "shall be entitled to file an In Rem writ to secure the claim of the Contractor against the Vessel, until such time full payment of all sums due to the Contractor have been fully paid by the Customer." *See* Exhibit G, §6(d).

33. In the event that payment is late, STEHMO shall be entitled to charge the Customer interest on the amount unpaid at the rate of 1 percent per months (12 % per year) until full payment is made. *See* Exhibit G, §7.

34. The Contract shall be governed by general maritime law of the United States, and the parties agreed to submit to jurisdiction of this Court in the event of a dispute that cannot be resolved. Further, the Customer is to pay all legal charges, including attorneys' fees, in the event of an award in favor of STEHMO. *See* Exhibit G, §24.

35. In violation of the terms of the Work Orders and Terms and Conditions, Ocean Lion and Devote Management have not paid STEHMO for any of the work billed through the invoice.

36. STEHMO has made a formal demand for payment and has been told the payment is forthcoming.

37. However, almost three months have passed and no payment has been received.

38. Ocean Lion and/or Devote Management have failed to make proper payment for the labor, materials, equipment, and repairs provided to the M/V LEWEK

EXPRESS despite STEHMO's demands upon Ocean Lion and Devote Management for payment due.

39. As reflected above, STEHMO provided in excess of $936,194.55 in necessaries and services to the M/V LEWEK EXPRESS, including work, labor, and materials provided to the vessel. This includes interest on the outstanding payments at a rate of 1% per month until payment in full is made (a part of a month being treated as a full month for the purpose of calculating interest), which totals $22,685.84, and brings the total outstanding amounts due to $778,880.39. Interest continues to accrue.

## IV.   CAUSES OF ACTION

### BREACH OF CONTRACT

40. STEHMO incorporates and restates all foregoing allegations as if copied here *in extenso*.

41. STEHMO and Devote Management executed Work Orders No.1, Rev. 3, in which STEHMO undertook an obligation to provide various services and labor to the M/V LEWEK EXPRESS. By executing this contract, Devote Management undertook an obligation to pay for STEHMO's services, labor and materials.

42. STEHMO performed its obligations and invoiced Devote Management and/or Ocean Lion per the stated payment terms.

43. However, neither Devote Management nor Ocean Lion have performed their contractual obligation to pay for the goods and services provided and accepted on behalf of the M/V LEWEK EXPRESS.

44. Ocean Lion's non-performance is a breach of the parties' agreement.

45. Devote Management's non-performance is a breach of the parties' agreement.

46. STEHMO has been damaged by Ocean Lion and Devote Management's failure to pay the Invoices.

47. As a result of this breach, Ocean Lion and Devote Management owe the amounts due per the Invoices, in addition to penalties, interest, and attorney fees.

48. As of November 25, 2019, Ocean Lion and Devote Management owe STEHMO $756,194.55, plus interest, for the work performed on the M/V HAWK.

## ATTORNEY'S FEES

49. As a result of Ocean Lion and Devote Management's breach, and its failure and refusal to pay for the goods and services provided, STEHMO has been forced to retain legal counsel and seeks reimbursement for its reasonable attorney fees as provided for in section 24 of STEHMO's Terms and Conditions, and as required by the laws of this Honorable Court.

## V. PRAYER FOR RELIEF

50. For these reasons, STEHMO requests the following:

    a. That this Complaint be deemed good and sufficient;

    b. That a judgment be entered in favor of ST Engineering Halter Marine & Offshore, Inc. against Devote Management Pre Ltd. And Ocean Lion Shipping, Ltd. for the amounts due and owing of at least

   $$778,880.39 together with post judgment interest, costs of suit and attorney's fees; and

c. That STEHMO have such further and different relief as the Court may deem just and proper.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Allison R. Colon*
ALLISON R. COLON
(MS Bar. No. 103068)
acolon@grsm.com
GORDON & REES, LLP
909 Poydras Street, Suite 1860
New Orleans, LA 70112
Telephone: 504-528-3088
Facsimile: 504-586-3419
*Attorney for ST Engineering Halter Marine & Offshore, Inc*

**PLEASE SERVE through Hague Convention -**
Ocean Lion Shipping, Ltd.
Unit 1307, 13/F Sunlight Tower
248 Queen's Road East
Wan Chai, Hong Kong, China
Attn: Mr. Wang Chun

Devote Management Pre Ltd
39 Woodlands Close #08-10
Mega @ Woodlands
Singapore 737856
Attn.: Edmund Wang

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all other counsel of record via the Court's ECF system, by depositing said copy in the United States Mail, properly addressed and first-class prepaid, and/or by facsimile and/or email delivery on this 30th day of December, 2019.

/s/ Allison R. Colon
ALLISON R. COLON (MS Bar #103068)